IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

TELEPAK NETWORKS, INC.
d/b/a C SPIRE FIBER

    **Plaintiff,**

v.                                               No. 2:14-cv-02027-SHM-cgc

THE CITY OF MEMPHIS.

    **Defendant.**

## ORDER DENYING TELEPAK'S MOTION TO EXCLUDE DEFENDANT'S PROPOSED REBUTTAL EXPERT TESTIMONY

Before the Court, by way of Order of Reference (D.E. # 105), is the motion of Plaintiff, Telepak Network's Inc., to exclude the proposed rebuttal expert testimony disclosed by Defendant, the City of Memphis on September 29, 2014 (D.E. # 104). Defendant filed a response opposing the motion (D.E. # 106). The Court held set a hearing on the motion (D.E. # 108), which was held on October 30, 2014. Based on the motion, response, argument of counsel and the record in this cause, the Court finds that the Motion is not well taken and is DENIED.

### Background

A scheduling order was entered in the case on March 11, 2014 and provided the following deadlines: Initial disclosures deadline 03/25/2014; joining parties/amended pleadings due 04/10/14 for Plaintiff, 04/17/14 for Defendant; Defendants renewed motion to dismiss is due 30 days after Plaintiff files an amended pleading; expert disclosures due 07/31/14; fact discovery deadline 07/15/14; all discovery deadline 08/29/14; mediation deadline 08/29/14; motions to

1

exclude experts/*Daubert* motions deadline 09/15/14; dispositive motions deadline 09/15/14. Non-Jury Trial set Monday, 12/15/14; Pretrial Conference set Friday, 12/05/2014. With respect to expert proof, the original scheduling order provided an expert disclosure deadline of July 31, 2014 for both parties and an expert discovery deadline of August 29, 2014.

On July 23, 2014, an amended scheduling order was entered, at the request of Plaintiff, changing the discovery deadlines as follows: fact discovery deadline on 08/15/14; expert disclosures due 08/29/14; all discovery deadline on 09/15/14; mediation deadline on 09/15/14; dispositive motion deadline on 09/19/14; responses due 10/17/14; replies due 10/27/14. Both the original and amended scheduling orders provide for expert disclosures by Plaintiff and Defendant on the same date and neither contain any to reference rebuttal expert disclosures.

Both Plaintiff and Defendant disclosed their case-in-chief experts on August 29, 2014. Defendant including the following statement in its August 29, 2014 disclosure:

> In accordance with Federal Rule of Civil Procedure, 26 (a) (2) (D) (ii), the City will supplement the instant disclosure with any additional evidence, opinions or witnesses intended solely to rebut evidence on a subject matter identified by Telepak Networks, Inc. under Rule 26 (a)(2) (B) or (C).

(D.E. #106-1). Similarly, both of Plaintiff's expert reports contained a statement that the expert intended to supplement their reports with rebuttal opinions. At page 3, paragraph 9 of Mr. Don Wood's report, he states: "I will also provide opinions responsive to any disclosures and testimony offered by experts for the City at the appropriate time." At page 6 of Mr. Michael Stone's report he states: "I would respectfully reserve the right to supplement this report following my review of the City's expert reports."

On September 29, 2014, Defendant served its Disclosure of Rebuttal Experts pursuant to Rule 26 (a)(2), which identified (1) Ed Whitelaw, Ph.D. as a rebuttal expert whose testimony the

City expected to present solely to rebut or contradict the proposed testimony of Plaintiff's expert Don Wood; (2) Robert Knecht as a rebuttal expert whose testimony the City expected to present solely to rebut or contradict the opinions and evidence identified by Telepak specific portions of the expert reports of Don J. Wood and Michael Stone; and (3) Leon Pattman as a rebuttal expert whose testimony the City expected to present solely to rebut or contradict the opinions and evidence identified by Telepak specific portions of the expert reports of Don J. Wood and Michael Stone. As required by Federal Rule of Civil Procedure 26(a)(2)(B), the City also provided the signed report of Dr. Whitelaw.

Plaintiff has moved the Court to strike the City's September 29, 2014 disclosures and to exclude the City's proposed rebuttal testimony.

**Applicable Law**

On the issue of the timing of expert disclosures, Rule 26 (a)(2)(D)(ii) of the Federal Rules of Civil Procedure provides:

> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
> . . .
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. PRO. 26(a)(2)(D)(ii).

For the disclosure of a rebuttal report to be timely under this provision, three things must be true: (1) no stipulation or court order must provide otherwise; (2) the report must be served within 30 days of the report to which it is responding; and (3) the report must be bona-fide rebuttal, that is, it must be "intended solely to contradict or rebut evidence on the same subject

3

matter identified by" an opposing expert. FED. R. CIV. PRO. 26(a)(2)(D)(ii).

## Analysis

Plaintiff asserts that the City's rebuttal disclosures are not timely and/or that even if timely, the proposed expert testimony of Dr. Whitelaw, as stated in his report, is not actually rebuttal. In support of its timeliness argument, Plaintiff relies solely on the amended scheduling order in this case. Though the scheduling order is silent as to rebuttal experts, Plaintiff argues that it was intended to preclude rebuttal experts. Plaintiff also asserts that application of the deadline containing in Rule 26 (a)(2)(D)(ii) does not fit with the other deadlines found in the scheduling order; for example the deadline for *Daubert* motions and for discovery.

The Court finds that because there is not a "stipulation or a court order" expressly prohibiting rebuttal expert testimony or providing for a different time to disclose rebuttal experts, the deadline provided for in Rule 26 (a)(2)(D)(ii) applies. With respect to the intent behind the scheduling order, the presiding Judge alone possesses the unique knowledge to speak to that issue. This Court will not attempt to discern the intention(s) of the presiding Judge based on silence in the scheduling order. Because the City disclosed its rebuttal experts within thirty (30) days after Plaintiff disclosed its case-in-chief experts, the City's September 29, 2014 disclosures are timely.

The Court's review of the expert report of Dr. Whitelaw, proffered by the Defendant as a rebuttal to the report of Plaintiff's expert, Mr. Don Wood, leads the Court to conclude that the report is indeed rebuttal. It appears from the report that its purpose is to contradict or rebut the expert opinions offered by Mr. Don Wood. In substance, the report consists of a critique of the report offered by Mr. Don Wood. Finally, the conclusion offered by Dr. Whitelaw summarizes the errors made by Mr. Don Wood and opines that Mr. Wood's opinions do not meet

4

professional economic standards.  Plaintiff argues that Dr. Whitelaw's report also buttresses the opinions of the City's case-in-chief experts, and therefore, is actually an attempt by the City to add an expert to prove their case in chief.  As noted, the Court finds that, on its face, the report appears to rebut and contradict the opinions of Plaintiff's expert Mr. Don Wood.  At this juncture and in light of the fact that this case is set for a bench trial, the Court declines to strike the report based on Plaintiff's arguments.  The presiding Judge is in the best position to assess whether the testimony offered at trial by this witness constitutes rebuttal testimony and can rule on any objections raised by Plaintiff at that time. Further, the absence of a jury eliminates the risk of prejudice to Plaintiff in the event that the testimony at trial is objectionable.

**Conclusion**

As discussed herein, the Court finds that the Defendant's September 29, 2014 Disclosure of Rebuttal Experts Pursuant to Rule 26 (a)(2) was timely pursuant to Rule 26 (a)(2)(D)(ii), because there is no stipulation or court order addressing rebuttal experts in this case, the report was served within 30 days of the reports to which it is responding; and the report appears to be intended solely to contradict or rebut evidence on the same subject matter identified by Plaintiff's experts.  As such, there are no grounds to exclude the proposed rebuttal testimony and Plaintiff's motion is, therefore, DENIED.

**IT IS SO ORDERED** this 6th day of November, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

5